### HENRY L. KINNEY, appellant, *v.* WILLIAM HUDNUT, appellee.

*Appeal from Bureau.*

A petition, under the law giving a lien to mechanics, cannot be filed before the day of payment stipulated by the parties has arrived. Until the contract is completed, and payment is due, there can be no cause of action.

THIS cause was tried at the March term, 1840, of the Bureau Circuit Court, before the Hon. Thomas Ford and a jury. The jury found a verdict for the plaintiff in the Court below, the appellee, for $417,50. Judgment was rendered upon this verdict. The defendant appealed to this Court.

S. T. LOGAN, for the appellant.

G. A. O. BEAUMONT, for the appellee.

BROWNE, Justice, delivered the opinion of the Court: (1)

This was a petition filed by the appellee in the Circuit Court, for a mechanic's lien, on the northeast quarter of section thirty-four, T. sixteen, N., R. eleven east of the tenth P. M., for work and labor done on it. The defendant pleaded *non assumpsit*, and several special pleas. On the trial, the plaintiff proved that Henry L. Kinney claimed to be the owner of the land ; and that the plaintiff had worked on some buildings on the land. He also produced evidence conducing to show, that he was in the employment of Henry L. Kinney. The plaintiff also proved that a portion of the work was done after his petition was filed. It was shown that there was no special contract as to the time when the work was to be paid for.

(1) Smith, Justice, was not present on the argument of this cause.

After the evidence was concluded, the defendant below moved the Court to instruct the jury as follows :

" That if the jury believe from the evidence, that plaintiff's lien was filed before the day appointed and agreed on for the payment of the money, or before the completion of the work, then plaintiff cannot recover ; " which instruction the Court refused to give. Other instructions were asked for, but we do not deem them of much importance in the decision of this case.

This suit was brought under a statute of this State, enabling mechanics to have a lien upon houses or other buildings, and to secure the payment for the building thereof. This statute provides, that " Where any person or persons shall wish to avail himself, herself, or themselves, of the benefit of such lien, he, she, or they shall commence his, her, or their action in any court having jurisdiction of the same, within three months from the time payment should have been made, by virtue of any such contract, by which such lien shall be claimed."

The plaintiff had no cause of action until the contract was completed ; and then the suit, under this law, must be brought within three months from the time payment should have been made. The Court erred in refusing the instruction asked for by the defendant below.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded to be tried *de novo.*

*Judgment reversed.*